IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA | INTERPLEADER PLAINTIFF |
| VS. | CIV. ACT. NO.  5:14-CV-00018-DCB-MTP |
| AMBER ARD, DIAMOND ARD, DESTINY ARD, HEAVEN ARD, JERRY ARD and LAGWEN ARD | INTERPLEADER DEFENDANTS |

**Agreed Judgment Dismissing Interpleader Plaintiff
Life Insurance Company of North America, With Prejudice**

This cause came before the Court upon the motion of Interpleader Plaintiff Life Insurance Company of North America ("LINA") asking the Court to adjudicate that LINA's interpleader and payment into Court of the sums described below constituted a full and final discharge of LINA's duties, and for a final judgment dismissing LINA from this action.  The Court has been advised by counsel for LINA that all parties consent to entry of this judgment.  Having considered the premises, the Court finds and orders:

1.  LINA filed this case in order to interplead life and accidental death insurance proceeds into the Court's registry.  Those proceeds are due as a result of the accidental death of Bobby Ard, who was enrolled in an employee welfare benefit program established by his employer.  This Court has jurisdiction over the subject matter case pursuant to diversity of citizenship.  The Court also has federal-question subject matter jurisdiction via ERISA, 29 U.S.C. section 1001, et seq.

2.  A dispute arose among the surviving family members of Bobby Ard with respect to the proper beneficiary or beneficiaries of the proceeds described in LINA's interpleader complaint.  All known claimants to the funds at issue have been joined and have filed responsive pleadings. The claimants' answers to LINA's interpleader [documents #8, #14 and #17] demonstrate there is an ongoing dispute regarding entitlement to the proceeds and that LINA is a mere stakeholder, confronted with competing claims and exposure to double or multiple liability.

3.  Pursuant to LINA's interpleader complaint, this Court has already entered an order allowing LINA to deposit the insurance proceeds into the Court's registry. [Document #21, filed 06/19/14]

4.  LINA has deposited the disputed sum of $454,000.00 into the Court's registry.

5.  LINA has no further interest in the disposition of the sum deposited with the Court, including which party, if any, recovers all or any portion of the funds.  LINA has no other obligations of any kind to the parties that have asserted adverse claims to the sums on deposit.

6.  Pursuant to the authority of 28 U.S.C. § 2361, LINA is entitled to discharge from further liability in this matter, and to entry of an order restraining the claimants from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

7.  Pursuant to 28 U.S.C. §§ 1335 and 2361, LINA is entitled to a release from liability. The remaining dispute is solely between the claimants, Interpleader Defendants Amber Ard, Diamond Ard, Destiny Ard, Heaven Ard, Jerry Ard and Lagwen Ard,  regarding proper disposition of the proceeds. The Court will require them to prove entitlement to said proceeds,

including, as part of said proof, that no other beneficiaries exist who might have a valid claim for said sum.

Having found that LINA has fully and finally discharged its obligations herein, it is hereby ORDERED AND ADJUDGED that, pursuant to 28 U.S.C. §2361, LINA is hereby DISMISSED WITH PREJUDICE from this action.  Interpleader Defendants Amber Ard, Diamond Ard, Destiny Ard, Heaven Ard, Jerry Ard and Lagwen Ard are hereby permanently enjoined from instituting or prosecuting any proceeding against LINA in any State or United States court affecting the property, instrument or obligation involved in this interpleader action until further order of the Court.

The Court further finds that there is no just reason to delay, and this judgment of dismissal with prejudice in favor of Life Insurance Company of North America is hereby declared final pursuant to Federal Rule of Civil Procedure 54(b). This judgment has no effect upon the claims between Amber Ard, Diamond Ard, Destiny Ard, Heaven Ard, Jerry Ard and Lagwen Ard, or any unidentified third parties, with respect to the sums paid by LINA; those claims remain pending to be decided by this Court. Furthermore, this order is dispositive only of LINA's obligations with respect to the life insurance benefits and accidental death benefits identified in LINA's Complaint in Interpleader, and does not affect claims for any other benefits that may be available under the ERISA plan or insurance policies described therein.

SO ORDERED AND ADJUDGED this the 26th day of January, 2015.

s/David Bramlette
UNITED STATES DISTRICT COURT JUDGE