**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 5:14CV18-DCB-MTP** |
| **AMBER ARD, DIAMOND ARD, a minor, DESTINY ARD, a minor, HEAVEN ARD, a minor, JERRY ARD, and LEGWEN ARD** | **DEFENDANTS** |
| **AND** | |
| **JERRY ARD AND LAGWEN ARD** | **CROSS-PLAINTIFFS/CROSS-COUNTER DEFENDANTS** |
| v. | |
| **AMBER ARD, DIAMOND ARD, a minor, DESTINY ARD, a minor, and HEAVEN ARD, a minor** | **CROSS-DEFENDANTS/CROSS-COUNTER PLAINTIFFS** |

**OPINION AND ORDER**

THIS MATTER is before the Court on the Motion for Reconsideration [48], filed by Defendants/Cross-Defendants/Cross-Counter Plaintiffs, Amber Ard, Diamond Ard, a minor, Destiny Ard, a minor, and Heaven Ard, a minor, by and through their mother and natural guardian, Amber Ard ("Movants"). Having carefully considered the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration [48] should be denied.

Movants have requested that the Court reconsider its Order [45], granting an unopposed motion to compel discovery pursuant to Local Uniform Civil Rule 7(b)(3)(E). *See* Motion to Compel [11]. Specifically, the Court ordered Amber Ard to respond, without objection, to the interrogatories and requests for production served by Defendants/Cross-Plaintiffs/Cross-Counter Defendants Jerry Ard and LaGwen Ard. *See* Order [45]. In regard to the previous motion [11], Movants did not

1

respond within the time allotted by Local Rule 7(b)(4); in fact, Movants did not respond at all.

Movants now argue that the Court should reconsider its order granting the motion to compel for two reasons. First, Movants state that Amber Ard was critically injured in an automobile accident on January 14, 2015, two days after the Motion to Compel [11] was filed and the discovery deadline in this case expired. *See* Motion [48] at 1; Case Management Order [20] at 3.  Movants state that they communicated this fact to opposing counsel, who acknowledged that Amber Ard would be incapacitated for a period of time and indicated that he would proceed without discovery and file a motion for summary judgment. *Id.* at 2.

Second, Movants argue that the discovery requests served by Jerry Ard and La Gwen Ard are not relevant. *See* Motion [48] at 2. The record reflects that Movants have submitted responses to only some of the discovery requests,  contrary to the Court's Order [45], which directed Amber Ard to respond in full and without objection to the discovery requests. *See* Notices of Service of Response [46] & [47]; Discovery Responses of Amber Ard [62-6].

Granting a motion for reconsideration is "an extraordinary remedy," and thus should be "used sparingly." *In re Pequeno,* 240 Fed. App'x 634, 636 (5th Cir.2007). Motions to reconsider are not intended to "re-debate" the merits of a particular motion. *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.,* No. 3:00cv522–BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley,* 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion.

Movants have not alleged an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent injustice. Instead, Movants simply argue the merits of the previous motion to which they did not respond. Any arguments challenging the merits and circumstances of the discovery requests should have been raised within the time frame for opposition provided by the Local Rules.

The accident involving Amber Ard occurred <u>after</u> the January 12, 2015 discovery deadline in this case had passed. The record reflects that the requests for discovery were served upon Amber Ard on October 10, 2014. *See* Notice [36]. Movants have neglected to account for their failure to timely respond to the discovery requests in the several months between the service of the requests and the accident on January 14, 2015. In addition, Amber Ard has recently responded to portions of the discovery requests at issue. *See* Notices of Service [46] & [47]; Discovery Responses of Amber Ard [62-6]. For these reasons, the Court finds that the extraordinary remedy of reconsideration is not warranted here. Accordingly,

IT IS ORDERED:

1. That the Motion for Reconsideration [48] is DENIED.

2. That on or before March 13, 2015, Amber Ard shall respond to Defendant's first set of interrogatories and requests for production documents in full and without objection.

3. If Amber Ard fails to comply with this Order, the Court may impose sanctions pursuant to Fed. R. Civ. Pro. 37.

SO ORDERED this the 3rd day of March, 2015.

s/ Michael T. Parker<br>
United States Magistrate Judge