```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              WESTERN DIVISION
```

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO: 5:14-cv-18-DCB-MTP |
| **AMBER ARD, DIAMOND ARD, a minor, DESTINY ARD, a minor, HEAVEN ARD, a minor, JERRY ARD, and LAGWEN ARD** | **DEFENDANTS** |
| **AND** | |
| **JERRY ARD and LAGWEN ARD** | **CROSS-PLAINTIFFS/CROSS-COUNTER DEFENDANTS** |
| VS. | |
| **AMBER ARD, DIAMOND ARD, a minor, DESTINY ARD, a minor, and HEAVEN ARD, a minor** | **CROSS-DEFENDANTS/CROSS-COUNTER PLAINTIFFS** |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS AND DENYING MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on Cross-Plaintiff/Cross-Counter Defendant's, Jerry Ard, Motion for Summary Judgment **[docket entry no. 40]** and Motion for Sanctions **[docket entry no. 62]** and Cross-Defendant/Cross-Counter Plaintiff's, Amber Ard, Counter Motion for Summary Judgment **[docket entry no. 54]**. Having reviewed the motions and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as

follows:

## I. Factual and Procedural Background

This dispute concerns the proceeds of two group life insurance policies for Bobby Ard. On October 15, 2013, Bobby was killed in a car crash, leaving behind his three minor children, Diamond, Destiny, and Heaven Ard, their mother and his wife Amber Ard, and his parents Jerry and LaGwen Ard. At the time of his death, Bobby had named Amber and the children as beneficiaries of the policies, but he had previously requested, but not filed, an Enrollment/Change form from his employer. Jerry contends that Bobby wanted to change the beneficiaries of the policy to Jerry and LaGwen because Amber had initiated divorce proceedings against Bobby and in order to provide for the future of his daughters. In fact, after Bobby's death, Bobby's brother found a completed and signed Enrollment/Change form in Bobby's truck where Bobby had told his brother it would be. The unfiled form indicated that Bobby wished to change his beneficiary to Jerry. The form was dated September 30, 2013. Life Insurance Company of North America ("LINA") rejected the form stating that it could not posthumously accept a change of beneficiary.

Thereafter on March 4, 2014, LINA filed this interpleader action to determine the appropriate beneficiary of the proceeds. By order of the Court, LINA deposited the contested proceeds into the Court's Registry. On January 29, 2015, the Court entered an agreed

judgment dismissing LINA from this action finding that "[t]he remaining dispute is solely between the claimants, . . . regarding proper disposition of the proceeds." Agreed J. 2, ECF No. 44.

At the close of discovery, Jerry and LaGwen filed a motion to compel related to Amber's failure to propound any discovery. Amber did not respond to the motion. On January 26, Jerry filed his motion for summary judgment. On February 2, 2015, the Magistrate Judge granted the motion to compel and ordered Amber to respond to Jerry and LaGwen's requests for discovery by February 9, 2015. On February 9, 2015, Amber filed a motion to reconsider related to the order granting the motion to compel in addition to responses to some of Jerry's discovery. Amber filed her counter motion and response to Jerry's motion for summary judgment on February 13, 2015. On February 20, 2015, Amber supplemented her response and motion. Jerry filed his motion for sanctions on February 27, 2015. On March 3, the Magistrate Judge denied Amber's motion to reconsider and ordered her to fully comply with the discovery requests by March 13, 2015. Amber timely submitted supplemental responses to Jerry's discovery requests.

## II. Analysis

### A. Motion for Sanctions

Because of the nature of the relief requested in the motion for sanctions, the Court will resolve it before reaching the motions for summary judgment. Further, Amber has not responded to

3

the motion within the time allowed by the Local Uniform Civil Rules, and, in lieu of entering a Show Cause Order, the Court will rule on the motion because the pretrial conference in this case is imminent.

In summary of his arguments, Jerry contends that Amber has violated a discovery order, filed a vexatious pleading, entered a bad faith declaration, and relied on information not propounded during discovery. Specifically, Jerry asserts that he is entitled to sanctions against Amber under Federal Rules of Civil Procedure 26(a), 37(b)(2), 37(c)(1), and 56(h) and 28 U.S.C. Section 1927. Mot. Sanctions 1, ECF No. 62.

A trial court generally has wide discretion to award sanctions related to violations of its orders and inappropriate conduct by attorneys or parties. These sanctions stem from both the court's inherent equitable power and the authority codified in the Federal Rules of Civil Procedure and federal statutes. But where conduct can be "adequately sanctioned under the Rules [or a statute], the Court ordinarily should rely on the Rules [or statute] rather than the inherent power." Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); Yelton v. PHI, Inc., 279 F.R.D. 377, 384 (E.D. La. 2011). The Court turns now to those sources of authority cited by Jerry. First, although Rule[1] 26(a) does not provide for sanctions

---

[1] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

4

directly, a court may impose sanctions for violations of Rule 26 through Rule 37. Related to discovery, a court may impose sanctions for not obeying a discovery order including: (1) establishing facts, (2) precluding defenses or claims, (3) striking pleadings, (4) staying the proceedings, (5) dismissal, (6) default judgment, and (7) a finding of contempt. Fed. R. Civ. P. 37(b)(2). Further, a court may impose sanctions where a party does not comply with the required disclosures in Rule 26 including: (1) excluding later supplied information, (2) reasonable expenses caused by the failure, (3) informing the jury of the party's failure, and (4) the same sanctions listed above, as appropriate. Fed. R. Civ. P. 37(c)(1). Next, related to summary judgment evidence, a court may impose sanctions if it finds that "an affidavit or declaration . . . [i]s submitted in bad faith or solely for delay" including: (1) reasonable expenses, (2) a finding of contempt, or (3) other appropriate sanctions. Fed. R. Civ. P. 56(h). Lastly, where an attorney "multiplies the proceedings in any case unreasonably and vexatiously," a court may order the attorney personally to pay reasonable costs associated with the vexatious proceedings. 28 U.S.C. § 1927 (1980).

1. Rule 37 Sanctions

Jerry argues multiple specific discovery violations that can be sanctioned under Rule 37:

> 17. In violation of the Court's Order these responses were prefaced with a "General Objection and Reservation,"

and failed to provide much of the information requested. . .

18. Each response to Interrogatories, with the exception of Nos. 1, 11, 12, and 13 were answered with additional objections and failed to provide the information requested. . .

19. In her responses to Interrogatory Nos. 6 and 12, Amber refused to provide the substance or factual basis of any potential witness testimony, declaring that "Amber Ard would likewise state that the Cross-Plaintiffs are equally capable of obtaining any statement or other information from any witness identified above." . . .

20. In her response to Interrogatory Nos. 14, 15, 16, 17, [and] 18, Amber refused to provide the factual basis for any of her claims, allegations, and affirmative defenses, stating that she "incorporates by reference the facts set forth in the Complaint in Interpleader." . . .

21. Not a single page of documents have been produced in response to the Requests for Production. . .

22. Responses to Requests for Production Nos. 1, 2, and 4 were answered with additional objections. . .

23. In response to Request for Production No. 5, requesting a copy of any statement of any possible witness concerning the facts or circumstances of this case, Amber has refused to produce any documents in response to this request, including the emails on which she now attempts to rely as attachments to the Affidavit of Stephanie Moore. . .

25. The response to Request No. 8, requesting "any documentary or tangible evidence that you intend to use at trial and/or a pre-trial hearing in this matter," declared that "Amber Ard has not yet determined what documents she expects to use at the trial of this matter. She will produce promptly and offers to meet and confer with counsel for such purposes." . . .

26. Having affirmatively relied on the facts as stated in the Complaint in Interpleader, and having further refused to produce any additional information or documentary evidence, Amber should be bound by those responses and limited to only those facts on which she relied in her

6

> responses to discovery. . .
>
> 34. The information contained in the Response to Motion for Summary Judgment and Counter-Motion for Summary Judgment, Memoranda in Support, and Exhibits D-I thereto have not been produced in response to discovery. . .
>
> 40. The information contained in the Supplementation to Response to Motion for Summary Judgment and Supplementation to Counter-Motion for Summary Judgment and Exhibit 1 thereto have not been produced in response to discovery and pursuant to the Court's Order of February 2, 2015. . .
>
> 41. These supplementary pleadings incorporate the affidavit of Stephanie Moore, Employee Benefits Manager for James Construction Group, LLC. This affidavit, signed February 17, 2015, has not been produced in response to discovery and pursuant to the Court's Order of February 2, 2015, nor have any of the documents which it incorporates by reference.

Mot. Sanctions 4-8, ECF No. 62 (internal citations omitted). These specific instances can be distilled into three categories of complaint: (1) that Amber objected to Jerry's discovery requests, (2) that Amber did not produce what was requested, either in responses or documentation, and (3) that Amber now relies on some information and documentation in her motion and responses that was not produced during discovery.

As to the first category, the Court has previously ruled that by "fail[ing] to respond to the Motion to Compel or otherwise present good cause for her failure to respond to discovery requests . . ., Amber Ard has waived her objections to the discovery requests." Order 2, ECF No. 45. Therefore, the Court now expressly overrules whatever objections Amber has raised in response to

Jerry's discovery requests. No further sanction is necessary.

As to the second category, the failure to propound requested discovery frustrates the purpose of our adversarial system. It inhibits the access to justice that the legal system provides by occulting the truth. The Rules provide that

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). The Court notes that discovery in this case closed on January 12, 2015. Case Management Order, ECF No. 20. Jerry filed his motion to compel on this same day. Mot. Compel, ECF No. 37. The Court granted the motion and ordered Amber to propound discovery. Order, ECF No. 45. Thereafter, Amber filed a motion for reconsideration and some discovery responses. See Mot. Recons., ECF No. 48. The Court denied her motion and ordered Amber to respond to discovery in full by March 13, 2015. Order 3, ECF No. 66. And according to the docket, Amber has now complied with the Court's order to propound discovery. See Notice Service Resp. Interrogs., ECF No. 46; Notice Service Resp. Req. Produc., ECF No. 47; Notice Service Supplemental Resp. Interrogs., ECF No. 67; Notice Service Supplemental Resp. Req. Produc., ECF No. 68. Jerry has not informed the Court that these responses were in any way inadequate. Therefore, the Court finds that Amber has complied with the Court's

8

orders and propounded all discovery requested by Jerry, and the Court will not exclude any of her discovery responses. However, it cannot be argued that Amber met her original obligations under Rule 26 to respond to discovery in a timely manner. The Court will, therefore, award Jerry his reasonable expenses incurred related to his motion to compel and Amber's motion to reconsider.

As to the third category, because the Court found above that Amber had fully propounded discovery in response to orders from this Court, albeit not within the timeline originally set in the Case Management Order nor before the motions for summary judgment were filed, the Court finds that Amber may rely on the information she has propounded. The Court further notes that the information relied on by Amber in her responses to Jerry's motion for summary judgment and in her counter motion was submitted before the deadlines as reset by the Court for Amber to fully respond to Jerry's request for discovery.

2. Rule 56 Sanctions

Jerry argues that Amber submitted "a bad faith declaration subject to sanctions pursuant to" Rule 56. Mot. Sanctions 7. Specifically,

> Both the Response and the Counter-Motion were accompanied by "Exhibit I." which is a note dated January 2, 2015, written in handwriting drastically different than that of its signatory, Sharee Nations-Ard, and signed and notarized on a different page with a date of January 29, 2015. Likewise, this document was not heretofore produced. This note possesses very little, if any evidentiary value[ and] is extremely inflammatory and

> defamatory. . . .

Mot. Sanctions 7 (internal citations omitted). Generally a bad faith or sham affidavit is proven by pointing out the contradictions between the affidavit and deposition testimony of the affiant. See e.g., <u>Turner v. Baylor Richardson Medical Cntr.</u>, 476 F.3d 337, 349 (5th Cir. 2007). Jerry does not allege any inconsistencies but rather attacks the credibility of the affidavit, which a court will not do at summary judgment. <u>See</u> <u>id.</u>, at 343 ("[W]e consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."). As to the lack of production argument, the Court applies the same reasoning it did above to find that no sanction is necessary. As to what appears to be an argument related to Federal Rule of Evidence 403—that a court may exclude certain relevant evidence if its probative value is outweighed by prejudice—, the Court finds that this is not the case. <u>See</u> F. R. E. 403.

### 3. Section 1927 Sanctions

Lastly, the Court considers Jerry's arguments related to unnecessary proceedings. Specifically, Jerry states that

> 31. The Counter-Motion for Summary Judgment is a frivolous pleading which has unreasonably and vexatiously multiplied the proceedings in this case, in that it was filed 18 days after the deadline for motions other than *in limine* under the Case Management Order. . .
>
> 32. The Counter-Motion for Summary Judgment is a frivolous pleading in that neither the *Local Uniform Civil Rules*, nor the *Federal Rules of Civil Procedure* provide for a "Counter-Motion for Summary Judgment." This

10

> appears to be a bad-faith attempt to "back-door in" a dispositive motion well after the motion deadline has passed . . . .
>
> 38. Neither the *Local Uniform Civil Rules*, nor the *Federal Rules of Civil Procedure* provide for "supplementation" of a Response to Motion for Summary Judgment or a Motion for Summary Judgment without leave of court.

Mot. Sanctions 7-8.

To award sanctions under this statute, a court must make "detailed factual findings" of "bad faith, improper motive, or reckless disregard of the duty owed to the court." Lawyers Title Ins. Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 871 (5th Cir. 2014). Specifically, a court must "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." Cambridge Toxicology Grp., Inc. v. Exnicios, 495 F.3d 169, 180-81 (5th Cir. 2007). Sanctions must be supported by clear and convincing evidence and should be applied sparingly. Lawyers Title Ins., 739 F.3d at 872. "Section 1927 sanctions should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice,' lest 'the legitimate zeal of an attorney in representing a client be dampened.'" Id. (quoting FDIC v. Conner, 20 F.3d 1376, 1384 (5th Cir. 1994)).

Ultimately, Jerry asserts that Amber filed motions and supplemental information either out of time or without leave of

court. Jerry also points out in his motion, not quoted above, that some documents docketed by Amber were docketed more than once. None of this behavior rises to the level required to find section 1927 sanctions as appropriate.

Having found that Jerry should receive his reasonable expenses related to the motion to compel and the motion to reconsider, the Court will grant in part and deny in part the motion for sanctions and consider the motions for summary judgment.

### B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." <u>Ginsberg 1985 Real Estate P'ship v. Cadle Co.</u>, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to

the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

C. Jerry's Motion for Summary Judgment

Jerry argues that Bobby substantially complied with the change of beneficiary provisions in his life insurance plans and that this substantial compliance is sufficient. Mem. Supp. 10, ECF No. 10. Amber argues instead that LINA made a factual determination of who the beneficiaries under the policies are when it rejected the

13

posthumous form and that the form itself is a forgery. Mem. Opp. 13-14, ECF No. 53. Jerry counters that LINA did not make any determination of beneficiaries and that Amber has not met the high burden imposed on allegations of fraud, including forgery. Reply 3, 11, ECF No. 61.

### 1. Forgery

"The fact of forgery, by definition a form of fraud, must also be proved by clear and convincing evidence." Cotton v. McConnell, 435 So. 2d 683, 686 (Miss. 1983). The burden to show fraud is on the party asserting it. McMahon v. McMahon, 157 So. 2d 494, 501 (Miss. 1963). Applying a clear and convincing evidentiary requirement, a "trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." Anderson, 477 U.S. at 255. The elements of fraud are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

Martin v. Winfield, 455 So.2d 762, 764 (Miss. 1984). Although Amber would not be the party defrauded in this case, she must still prove the elements of the claim to assert it as a defense.

In support of this defense, Amber puts forth a sworn affidavit

14

from Bobby's ex-wife Sharee Nations-Ard ("Nations"). Nations avers that LaGwen "offered [her] $65,000.00 to testify that [Sharee] forged Bobby William Ard's signature on the policy that was submitted after his death." Counter Mot. Summary J. Ex. I (Nations Aff.) 1, ECF No. 54-9. Further, she states that "[t]he life insurance was forged, Bobby left that to [Amber] and her children and they are just trying to steal it!" Nations Aff. 6. Jerry does not rebut this affidavit but rather attacks its credibility. At summary judgment, a trial court "consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." Turner, 476 F.3d at 349. Further, Amber finds support for her position in the evidence submitted by Jerry. The Employee Benefits Manager at Bobby's place of employment, in charge of accepting change of beneficiary forms, stated in an affidavit that she rejected the posthumous form "because it was presented after Bobby's death and [she] ha[d] reservations about the signature." Reply Ex. 2 2, ECF No. 61-2. Jerry has presented his own evidence that the signature on the change of beneficiary form was genuine, including verified handwriting samples of Bobby's signature. See Mot. Summary J. Ex. 1 42-50, ECF No. 40-1.

The only questions before the Court on the question of forgery are whether Nations's and Moore's affidavits combined with Amber's briefing adequately plead fraud and create a genuine issue of material fact on this defense. As to the first question, the Court

finds that Amber has adequately pled the elements of the defense of fraud. As to the second question, the Court also finds that Amber has demonstrated a genuine issue of material fact to preclude summary judgment in favor of Jerry. Therefore, the Court will deny summary judgment and proceed to trial to resolve this fact issue.

2. Factual Findings and Substantial Compliance

Because the Court found a genuine issue of material fact related to the forgery defense, the Court does not reach the issues of whether LINA made a factual finding of beneficiaries or whether Bobby substantially complied with the change of beneficiary requirements.

D. Amber's Counter Motion for Summary Judgment

Jerry made several arguments that Amber's counter motion was improper which Amber argued against. Because the Court determined above that a genuine issue of material facts exists to preclude summary judgment in favor of Jerry, the Court finds that summary judgment in favor of Amber is also precluded, regardless of whether her motion was properly before this Court. Therefore, her motion will also be denied.

III. Order

IT IS HEREBY ORDERED that the cross-plaintiff/cross-counter defendant's Motion for Sanctions is GRANTED IN PART and DENIED IN PART.

FURTHER ORDERED that the cross-plaintiff/cross-counter

defendant shall submit to the Court within one week of the date of entry of this order a Bill of Costs for the Motion to Compel [docket entry no. 37] and the Motion for Reconsideration [docket entry no. 48]. The Court will issue an order for the cross-defendant/cross-counter plaintiff to pay these costs after they are received.

FURTHER ORDERED that the cross-plaintiff/cross-counter defendant's Motion for Summary Judgment is DENIED.

FURTHER ORDERED that the cross-defendant/cross-counter plaintiff's Motion for Summary Judgment is DENIED.

SO ORDERED this the 27th day of April 2015.

                                        /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE